**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**HAILEY TAYLOR**                                                                                                     **PLAINTIFF**

V.                                                                                                     NO. 3:23-CV-401-DMB-RP

**RICK PRECIADO, et al.**                                                                                     **DEFENDANTS**

**ORDER**

On October 18, 2023, Hailey Taylor filed a pro se complaint in the United States District Court for the Northern District of Mississippi against Rick Preciado, officially and individually; Kaitlyn Yielding, officially and individually; Cherodrick Jeffries, officially and individually; Latrice Dillard, officially and individually; Sarah Jean Liddy, officially and individually; Amy Taylor; Kim Underwood; Tina Bennet; Matthew Taylor; Marshall County; Marshall County Department Child and Family Services; and John Does 1-10. Doc. #1.

On May 2, 2024, with respect to the claims against them, Liddy, Marshall County, and Preciado filed a motion to dismiss or require a more definite statement pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(e). Doc. #21.

On May 20, 2024, Taylor filed (1) a pro se motion for leave to file an out of time response to the motion to dismiss, (2) a pro se response opposing the motion to dismiss, and (3) a 44-page pro se memorandum brief (excluding the certificate of service) in support of her response. Docs. #34, #35, #36.

Eight days later, Liddy, Marshall County, and Preciado filed a motion to "strike [Taylor's] unauthorized excessive pages to her Response" or, in the alternative, "grant [them] leave to file a supplemental response to [Taylor's] remaining arguments and to file excess pages under *L.U. Civ. Rule 7(b)(5)*." Doc. #40 at 3 (emphasis in original). The same day, they replied in support of their

motion to dismiss and responded in opposition to Taylor's motion for leave. Docs. #39, #41.[1]

Because Taylor's May 20 response is timely if service by U.S. mail is considered,[2] her motion for leave [34] is **DENIED as moot**. Since the motion to dismiss was served on Taylor by mail on May 2, *see* Doc. #21 at 3,[3] three additional days are added to her fourteen-day response time. Fed. R. Civ. P. 6(d); L.U. Civ. R. 7(b)(4). And because the last day of that response period fell on Sunday, May 19, her response deadline ran until the end of the next day, Monday, May 20. Fed. R. Civ. P. 6(a)(2)(C).

However, because Taylor's 44-page memorandum brief in support of her response exceeds thirty-five pages in violation of Local Rule 7(b)(5),[4] and she has not requested or received permission to exceed the 35-page limit, her memorandum brief [36] is **STRICKEN** in its entirety. No later than August 1, 2024, Taylor may refile her memorandum brief in accordance with Local Rule 7(b)(5). If refiled, the memorandum brief shall not raise new arguments or include new authority.[5]

Finally, because the Court struck Taylor's entire memorandum brief, Liddy, Marshall

---

[1] On May 29, 2024, the Clerk of the Court directed them to refile the response separate from the memorandum brief in support of it, which they did the same day. Docs. #42, #43.

[2] So Liddy, Marshall County, and Preciado incorrectly assert in their motion to strike that Taylor's response was late. Doc. #40 at 2.

[3] The certificate of service states the method of service was by "U.S. Mail, postage pre-paid, electronic mail, and ECF filing system." Doc. #21 at 3. The Court acknowledges that Taylor consented to receive service of documents and notice of electronic filings by e-mail. Doc. #3. However, the certificate of service does not indicate that the copy served by mail was just a courtesy copy, and it includes notice of service to persons other than Taylor, without distinguishing whether all methods were used for all persons. Alternatively, given these circumstances and Taylor's argument that she "is the only litigant who cannot file electronically" and encountered transportation and printer issues, Doc. #34 at PageID 226, the Court, in the exercise of its discretion, grants Taylor an extension until May 20, especially since the Court prefers to address the motion to dismiss on the merits.

[4] Taylor's brief includes a table of contents and a table of authorities, which the Court included in the page count because they are not required by the Federal Rules or the Local Rules.

[5] If refiled, Liddy, Marshall County, and Preciado may reply to the refiled brief in the normal course, and shall not raise any new reply arguments or authority.

County, and Preciado's motion to strike [40] is **DENIED as moot**.[6]

    **SO ORDERED**, this 15th day of July, 2024.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[6] If not moot, the motion to strike (including its alternative request) would have been denied because the Court will not strike just the pages exceeding the page limitation, preferring to allow Taylor the opportunity to file a memorandum brief that complies with Local Rule 7(b)(5).